Carr, J.
It is admitted, that the confession of judgment in this case, was taken at a monthly term. It is apparent from the entry, that the case does not come within the proviso of the 12th section of the county court law, enlarging the jurisdiction of the monthly terms. It is equally clear, that by the 8th section of that statute, power is expressly given to the quarterly courts, “for the trial of all presentments, criminal prosecutions, suits at common law and in chancery, where the sum or value of the subject in controversy exceeds twenty dollars” &c. From these premises it follows, of necessity, that the county court at the monthly term, when this judgment was confessed, had no jurisdiction of the matter, unless the confession itself would give it. But it has been decided, again and again, that though a confession of judgment releases errors, it cannot give jurisdiction. This question of the respective jurisdictions of the quarterly and monthly courts, was much discussed in the case of Wilkinson v. Mayo; and the court there decided, that the county and corporation courts, at their quarterly *66 terms, may, in their discretion, transact any business embraced by the general jurisdiction of those courts, as wills, mills, &c. but that at a monthly term, they cannot take jurisdiction of any subject expressly and exclusively assigned to a quarterly term. The judgment of the circuit court, reversing that of the county court, should be affirmed.
The other judges concurred. Judgment affirmed.